**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| IN RE: ) | CASE NO: |
| **Suzanne R. Nelson** ) ) | Chapter 13 |
| SSN(s): **xxx-xx-0234** ) | |
| **7505 Circle 10** ) | |
| **Orange, TX 77632** ) ) ) ) | |
| Debtor ) | |

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

# CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **$205.00** per **month** to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the period of **60** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

☐ Variable Plan Payments

| Beginning Month | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 (09/11/2013) | 60 (08/11/2018) | $205.00 | $12,300.00 |
| | | Grand Total: | $12,300.00 |

3. **Payment of Claims.** The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. Allowed claims shall be paid to the holders thereof in accordance with the terms thereof. From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified. Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

  (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

  (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing of the petition is **$3,500.00**. The amount of **$250.00** was paid prior to the filing of the case. The balance of **$3,250.00** will be paid ☑ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments. The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

Case No:
Debtor(s): **Suzanne R. Nelson**

___

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   ☑ None. If none, skip to Plan paragraph 5(B).

   (i).   Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii).  The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   ☑ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment |
|---|---|---|
|  |  |  |

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   ☑ None; or

   Claimant and proposed treatment:

| (a)<br>Claimant | (b)<br>Proposed Treatment |
|---|---|
|  |  |

   (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
|  |  |

6. **Secured Claims.**

   (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

   (i). **Pre-confirmation adequate protection payments.** Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

   Debtor shall make the following adequate protection payments:

   ☐ directly to the creditor; or

   ☐ to the Trustee pending confirmation of the plan.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Adequate protection payment amount |
|---|---|---|
|  |  |  |

Case No:
Debtor(s):  **Suzanne R. Nelson**

___

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☑ None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Estimated Claim | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|
|  |  |  |  |  |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|
| **Conn's** <br> **2-Lawn Mowers** | 5/2011 | $1,000.00 | 3.25% | $29.79 Avg. Month(s) 18-54 |
| **Mid-Atlantic Finance Co.** <br> **2002 Honda CRV** | 2010 | $3,820.00 | 3.25% | $27.86 Avg. Month(s) 18-54 |

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor; and (b) Property description | (c) Estimated pre-petition arrearage | (d) Interest rate | (e) Projected monthly arrearage payment |
|---|---|---|---|
| **21st Mortgage** <br> **2010 Mobile Home** | $3,534.00 | 0.00% | $95.51 Avg. Month(s) 18-54 |

TXEB Local Form 3015-a   [Revised January 18, 2006]                                                                                   Page 3

Case No:
Debtor(s):  **Suzanne R. Nelson**

---

| **Orange County** | $700.00 | 12.00% | $26.94 Avg. |
| 7505 Circle 10, Orange, TX 77632 | | | Month(s) 18-54 |

(C). **Surrender of Collateral.**  Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan.  Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c).  Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral.  Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
|  |  |

(D). **Void Lien:**  The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property.  Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated Claim |
|---|---|---|
|  |  |  |

7.  **Unsecured Claims.**  Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is   **$46,877.00**   .  After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of   **$1,156.09**   .  Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8.  **Executory Contracts and Unexpired Leases.**  All executory contracts and unexpired leases are assumed, unless rejected herein.  Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors.  All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☑  None; or

| (a) Creditor; and (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Payment to be paid through plan by Trustee | (e) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
|  |  |  |  |

9.  **Property of the Estate.**  Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

10.  **Post-petition claims.**  The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee.  Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

Case No:
Debtor(s):  **Suzanne R. Nelson**

___

11. **General Provisions.**  Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327.  Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions.  Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b).  Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions:**

    (A). **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
|---|---|
|  |  |

    (B). **Other direct payments to creditors.**

| Name of Creditor | Remarks |
|---|---|
|  |  |

**21st Mortgage**

    (C). **Additional provisions.**

    **Trustee's Recommendation Concerning Claims deadline**
    Notwithstanding any provision herein to the contrary, the deadline for the Trustee to file the Trustee's Recommendation Concerning Claims, as well as the deadline for filing objections to the Trustee's Recommendation Concerning Claims and objections to claims shall be governed by Local Bankruptcy Rule 3015(g).

    **Replacement Value Not Set at Confirmation**
    Notwithstanding any provision herein to the contrary, the value(s) of the collateral securing the claims, if any, as set forth in 6(A)(ii)(b) of this Chapter 13 Plan are not determined upon the entry of this Confirmation Order, unless an agreement regarding such value is attached to this Order.  In the absence of any such attachment, such value shall be established pursuant to each creditor's secured proof of claim pertaining to any such collateral, subject to subsequent modification by the entry of an order resolving any objection to such secured proof of claim or resolving a party's separate motion to value the particular collateral pursuant to 11 USC 506 and Bankruptcy Rule 3012.

    **Tax Refunds-Ned**
    All future tax refunds which Debtor(s) receive during the term of the plan, starting with the tax refund, if any, to be received for the tax year 2013 shall be turned over to the Trustee within ten (10) days of receipt of such, to the extend said refund exceeds $1,500.00, and shall be added to the plan base.  Whether or not a tax refund is due, debtor shall provide a copy of their tax return to the trustee within ten (10) days of filing such during the term of the plan.

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above.  The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Date:  **August 12, 2013**              **/s/ Suzanne R. Nelson**
                                         Suzanne R. Nelson, Debtor

**/s/ Robert E. Barron**
Robert E. Barron, Debtor's Attorney

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

IN RE:   **Suzanne R. Nelson**                                            CASE NO.

                                                                          CHAPTER   **13**

### Certificate of Service

I hereby certify that on 8/12/2013, a true and correct copy of the Chapter 13 Plan shall be served via electronic means, if available, otherwise by regular, first class mail, to the following, and to all parties in interest as shown by the attached list. This service complies with Local Rules of Bankruptcy Procedure 9013(e).

Date:   **8/12/2013**                                         **/s/ Robert E. Barron**
                                                              **Robert E. Barron**
                                                              Attorney for the Debtor(s)

| | | |
|---|---|---|
| 21st Mortgage<br>0252344<br>POB 477<br>Dallas, TX 75379 | Baptist Hospital<br>3429852<br>12515 Research Blvd., Bldg 2 Ste. 100<br>Austin, TX 78759 | Beaumont Pathology<br>2454385<br>c/o Ronald E. Lanier<br>2372 Calder Ave.<br>Beaumont, TX 77702 |
| AT&T<br>40974594450205<br>P.O. Box 5001<br>Carol Stream, IL 60197 | Bay Area<br>POB 5932<br>Troy, MI 48007 | Beaumont Pathology Center<br>1914993640<br>POB 7408<br>Beaumont, TX 77726 |
| Baptist Hosp.<br>608 Strickland Dr.<br>Orange, TX 77630 | Bay Area<br>90841385<br>POB 468449<br>Atlanta, GA 31146 | Chen-Hah<br>610 Strickland Dr. #290<br>Orange, TX 77630 |
| Baptist Hospital<br>3427843<br>PBO 203500<br>Austin, TX 78720 | Bay Area Credit Serv.<br>111022075452<br>1000 Abernathy Rd. NE, Ste. 195<br>Atlanta, GA 30328 | Christus Hospital<br>AE0001179161<br>POB 848061<br>Dallas, TX 75284-8061 |
| Baptist Hospital<br>00534452521<br>P.O. Box 974599<br>Dallas, TX 75397 | Bealls<br>5856373949<br>POB 182119<br>Columbus, OH 43218 | Comenity Bank (Bealls)<br>5856373949375807<br>POB 659465<br>San Antonio, TX 78265 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

IN RE:  **Suzanne R. Nelson**                                    CASE NO.

                                                                                CHAPTER    **13**

## Certificate of Service

(Continuation Sheet #1)

---

| | | |
|---|---|---|
| Conn's<br>0057373342<br>P.O. Box 2358<br>Beaumont, TX 77704 | EZ Pawn<br>193837<br>1100 N. 16th St.<br>Orange, TX 77630 | Memorial Herman Baptist<br>608 Strickland Dr.<br>Orange, TX 77630 |
| Conn's<br>0057373342<br>P.O. Box 815867<br>Dallas, TX 75234 | Golden Triangle Emerg.<br>BHN34296889<br>POB 8496<br>Philadelphia, PA 19101 | Mid-Atlantic Finance Co.<br>193335<br>4542 Ulmerton Rd., Ste. 200<br>Clearwater, FL 33762 |
| Cuna Mutual Group<br>P.O. Box 61<br>Waverly, IA 50677-0061 | Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | NCO Financial<br>3437381<br>2360 Campbell Creek, Ste. 500<br>Richardson, TX 75082 |
| Daily Rebekah<br>1383 Hwy. 12<br>Orange, TX 77632 | Kirby Vacuum<br>2120505758<br>6435 Calder Ave.<br>Beaumont, TX 77706 | Orange Clinical Assoc.<br>2394<br>610 Strickland Dr., Ste. 270<br>Orange, TX 77630 |
| Dorman Funeral Home<br>111091<br>8808 N. Hwy. 87<br>Orange, TX 77630 | Lab Corp.<br>4614790349<br>228 Strickland Dr.<br>Orange, TX 77630 | Orange County<br>POB 1568<br>Orange, TX 77631 |
| Dr. Castellanos<br>608 Strickland Dr.<br>Orange, TX 77630 | Liberty Mutual<br>AB729801173670<br>100 Lincoln Way West<br>Mishawaka, IN 46544 | Palais Royal<br>5856373978106446<br>POB 64<br>Jacksonville, TX 75766 |
| Dupont Credit Union<br>7507 Eastex Frwy<br>Beaumont, TX 77726 | Linebarger Goggan Blair & Sampson<br>POB 659718<br>San Antonio, TX 78265 | Patient Accounts Billing Office<br>P.O. Box 203500<br>Austin, TX 78720 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

IN RE:   **Suzanne R. Nelson**                              CASE NO.

                                                            CHAPTER   **13**

## Certificate of Service

(Continuation Sheet #2)

---

Radiology Assoc
5145241179161
POB 12480
Beaumont, TX 77726

United Consumer
65730102
POB 856290
Louisville, KY 40285


Radiology Assoc.
3560 Delaware #207
Beaumont, TX 77726

United Consumer Financial
65730102
865 Bassett Rd.
Westlake, OH 44145


Recovery Service
2454385
2410 Laurel
Beaumont, TX 77726

United States Attorney's Office
350 Magnolia Ave., Ste 150
Beaumont, TX 77701-2248


Schumacher Group
P.O. Box 770
Larkspur, CO 80118

US Radiology
UAX2002442
POB 929
Jennings, LA 70546


Security Finance
1509 16th St.
Orange, TX 77632

Wells Fargo
5774421711735796
POB 660431
Dallas, TX 75266


St. Elizabeth
413451
POB 848061
Dallas, TX 75284

West Asset Management, Inc.
342784320292995
P.O. Box 790113
Saint Louis, MO 63179-0113


Today's Options
026201972
POB 740444

World Finance
3109 Edgar Brown Dr.
Orange, TX 77630

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0540-1<br>Case 13-10426<br>Eastern District of Texas<br>Beaumont<br>Mon Aug 12 16:39:58 CDT 2013 | 21st Mortgage<br>POB 477<br>Dallas, TX 75379 | AT&T<br>P.O. Box 5001<br>Carol Stream, IL 60197-5001 |
| Baptist Hosp.<br>608 Strickland Dr.<br>Orange, TX 77630-4717 | Baptist Hospital<br>12515 Research Blvd., Bldg 2 Ste. 100<br>Austin, TX 78759-2247 | Baptist Hospital<br>P.O. Box 974599<br>Dallas, TX 75397-4599 |
| Baptist Hospital<br>PBO 203500<br>Austin, TX 78720 | Robert E. Barron<br>P.O. Box 1347<br>Nederland, TX 77627-1347 | Barron & Barron, LLP<br>P.O. Box 1347<br>Nederland, Texas 77627-1347 |
| Bay Area<br>POB 468449<br>Atlanta, GA 31146-8449 | Bay Area<br>POB 5932<br>Troy, MI 48007-5932 | Bay Area Credit Serv.<br>1000 Abernathy Rd. NE, Ste. 195<br>Atlanta, GA 30328-5612 |
| Bealls<br>POB 182119<br>Columbus, OH 43218-2119 | Beaumont Pathology<br>c/o Ronald E. Lanier<br>2372 Calder Ave.<br>Beaumont, TX 77702-2015 | Beaumont Pathology Center<br>POB 7408<br>Beaumont, TX 77726-7408 |
| Chen-Hah<br>610 Strickland Dr. #290<br>Orange, TX 77630-4790 | Christus Hospital<br>POB 848061<br>Dallas, TX 75284-8061 | Comenity Bank (Bealls)<br>POB 659465<br>San Antonio, TX 78265-9465 |
| Conn's<br>P.O. Box 2358<br>Beaumont, TX 77704-2358 | Conn's<br>P.O. Box 815867<br>Dallas, TX 75381-5867 | Cuna Mutual Group<br>P.O. Box 61<br>Waverly, IA 50677-0061 |
| Daily Rebekah<br>1383 Hwy. 12<br>Orange, TX 77632 | Dorman Funeral Home<br>8808 N. Hwy. 87<br>Orange, TX 77632-0536 | Dr. Castellanos<br>608 Strickland Dr.<br>Orange, TX 77630-4717 |
| Dupont Credit Union<br>7507 Eastex Frwy<br>Beaumont, TX 77708 | EZ Pawn<br>1100 N. 16th St.<br>Orange, TX 77630-3606 | Golden Triangle Emerg.<br>POB 8496<br>Philadelphia, PA 19101-8496 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Kirby Vacuum<br>6435 Calder Ave.<br>Beaumont, TX 77706-6001 | Lab Corp.<br>228 Strickland Dr.<br>Orange, TX 77630-4750 |

| | | |
|---|---|---|
| Liberty Mutual<br>100 Lincoln Way West<br>Mishawaka, IN 46544-2077 | Linebarger Goggan Blair & Sampson<br>POB 659718<br>San Antonio, TX 78265-9718 | Memorial Herman Baptist<br>608 Strickland Dr.<br>Orange, TX 77630-4717 |
| Mid-Atlantic Finance Co.<br>4542 Ulmerton Rd., Ste. 200<br>Clearwater, FL 33762 | NCO Financial<br>2360 Campbell Creek, Ste. 500<br>Richardson, TX 75082-4453 | Suzanne R. Nelson<br>7505 Circle 10<br>Orange, TX 77632-6511 |
| Orange Clinical Assoc.<br>610 Strickland Dr., Ste. 270<br>Orange, TX 77630-4788 | Orange County<br>POB 1568<br>Orange, TX 77631-1568 | Palais Royal<br>POB 64<br>Jacksonville, TX 75766 |
| Patient Accounts Billing Office<br>P.O. Box 203500<br>Austin, TX 78720-3500 | Radiology Assoc<br>POB 12480<br>Beaumont, TX 77726-2480 | Radiology Assoc.<br>3560 Delaware #207<br>Beaumont, TX 77706-3059 |
| Recovery Service<br>2410 Laurel<br>Beaumont, TX 77702-2358 | Schumacher Group<br>P.O. Box 770<br>Larkspur, CO 80118-0770 | (p)SECURITY FINANCE CENTRAL BANKRUPTCY<br>P O BOX 1893<br>SPARTANBURG SC 29304-1893 |
| St. Elizabeth<br>POB 848061<br>Dallas, TX 75284-8061 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 | US Radiology<br>POB 929<br>Jennings, LA 70546-0940 |
| US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 | United Consumer<br>POB 856290<br>Louisville, KY 40285-6290 | United Consumer Financial<br>865 Bassett Rd.<br>Westlake, OH 44145-1194 |
| United States Attorney's Office<br>350 Magnolia Ave., Ste 150<br>Beaumont, TX 77701-2254 | Wells Fargo<br>POB 660431<br>Dallas, TX 75266-0431 | West Asset Management, Inc.<br>P.O. Box 790113<br>Saint Louis, MO 63179-0113 |
| World Finance<br>3109 Edgar Brown Dr.<br>Orange, TX 77630-5381 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Security Finance
1509 16th St.
Orange, TX 77632

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Today's Options          End of Label Matrix
POB 740444                  Mailable recipients    54
                            Bypassed recipients     1
                            Total                  55